# NO. 12-08-00258-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KALVIN WALKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kalvin Walker appeals his conviction for sexual assault of a child. In one issue, Appellant contends that the trial court erred in allowing evidence of extraneous offenses to be admitted at trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with sexual assault of a child, a second degree felony.[1] Appellant waived his right to a jury trial, and pleaded "not guilty." At trial, the complainant, B.L., testified that she, her sisters, her brother, and her mother were in Tyler, Smith County, Texas to visit relatives. While there, B.L. and her younger sister spent the night at the home of a cousin, S.A. According to B.L., Appellant, who was S.A.'s boyfriend, and S.A.'s children also lived there. That night, Appellant went to a night club. When he returned early in the morning, he inserted his finger and then his penis into B.L.'s vagina. Afterwards, he went to bed. B.L. testified that, later that day, she wrote down what had occurred, gave the information to her aunt, and then informed her mother. The next morning, B.L.'s mother and aunt took her to the hospital for an examination. Testing of

---

[1]*See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (c), (f) (Vernon Supp. 2008).

vaginal swabs taken from B.L. revealed the presence of semen. A deoxyribonucleic acid (DNA) profile from the sperm in the vaginal swabs was consistent with the DNA mixture from B.L. and Appellant.

Without objection, B.L. testified that a year before the incident, Appellant touched her sides and buttocks. Additionally, without objection, B.L. stated that on the day before the incident, while swimming at the lake, Appellant inserted his finger into her vagina. Finally, again without objection, B.L.'s mother testified that, on the morning of the incident, Appellant drove while he was intoxicated. At the conclusion of the evidence, the trial court found Appellant guilty and assessed his punishment at eighteen years of imprisonment and a $10,000 fine.[2]  This appeal followed.

### EXTRANEOUS OFFENSES

In his sole issue, Appellant contends that the trial court erred in admitting evidence of extraneous offenses at trial.  A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard.  *See* **Rodriguez v. State**, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006); **Montgomery v. State**, 810 S.W.2d 372, 390–91 (Tex. Crim. App. 1990).  The trial court is in the best position to decide questions of admissibility, and we will uphold a trial court's decision to admit or exclude evidence if it is "within the zone of reasonable disagreement."  **Rodriguez**, 203 S.W.3d at 841.  A determination is beyond the zone of reasonable disagreement if by no reasonable perception of common experience can it be concluded that the proffered evidence has a tendency to make the existence of a fact of consequence more or less probable than it would be otherwise. **Montgomery**, 810 S.W.2d at 391.  If the trial court's ruling on the admission of evidence is correct under any theory of law, the trial court's decision should not be disturbed even if the trial court gives the wrong reason for its ruling.  *See* **Romero v. State**, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b).  Such evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

---

[2] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003).

knowledge, identity, or absence of mistake or accident. *Id.* Thus, extraneous offense evidence may be admissible if relevant to prove some other fact. *Johnston v. State*, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004).

However, to preserve a complaint for appellate review, the record must show that a complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1. In other words, for an appellant to argue on appeal that a trial court erred in admitting evidence, he must have preserved the error at trial by making a proper objection and securing a ruling on the objection. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). An objection should be made as soon as the ground for objection becomes apparent. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). Generally, this occurs when the evidence is admitted. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). If a party fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived. *Id.*

In his brief, Appellant complains of three instances in which evidence of extraneous offenses was admitted into evidence. Specifically, Appellant complains that the trial court allowed evidence that he touched B.L.'s sides and buttocks the year before the incident here, that he penetrated her vagina with his finger while they were at the lake on the same day or the day before the incident, and that he drove while he was intoxicated. But Appellant failed to timely object to any of this testimony in the trial court. Because Appellant did not object to the testimony, he has waived the error, if any. Accordingly, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

       BRIAN HOYLE    
            Justice

Opinion delivered May 13, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3